IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL D. ROGERS, | ) | CASE NO. 5:17 CV 1201 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Angel D. Rogers, for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated June 8, 2017.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

[5] ECF # 6.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]  Although oral argument was scheduled, it was continued *sua sponte* by the Court.[10]  Regrettably, the Court's calendar prevented rescheduling the oral argument in advance of issuing this report and recommendation timely.

## Facts

**A.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Rogers, who was 28 years old at the time of the administrative hearing,[11] did not graduate high school.[12]  She is not married, lives with her girlfriend, and has no past relevant work history.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Rogers had severe impairments consisting of affective dysfunction variously diagnosed to include anxiety, depression, bipolar, panic with

---

[6] ECF # 13.

[7] ECF # 16 (Commissioner's brief); ECF # 15 (Rogers's brief).

[8] ECF # 16, Attachment 1 (Commissioner's charts); ECF # 15, Attachment 1 (Rogers's charts).

[9] ECF # 14 (Rogers's fact sheet).

[10] *See* ECF #s 20-21.

[11] ECF # 14 at 1.

[12] *Id.*

[13] ECF # 12, Transcript ("Tr.") at 25, 39, 41.

agoraphophia, intermittent explosive disorder, and personality disorder.[14] The ALJ made the following finding regarding Rogers's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is limited to simple, routine, repetitive tasks that are not performed at a production rate pace. She is limited to no more than occasional interactions with supervisors, co-workers, and no interaction with the general public, and the claimant can tolerate no more than occasional routine workplace changes.[15]

Rogers has no past relevant work history.[16]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed nationally that Rogers could perform.[17] The ALJ, therefore, found Rogers not under a disability.[18]

**B. Issue on judicial review**

Rogers asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Rogers presents the following issue for judicial review:

---

[14] *Id*. at 14.

[15] *Id.* at 16.

[16] *Id*. at 25.

[17] *Id*. at 26.

[18] *Id*. at 27.

- Whether substantial evidence supports the ALJ's RFC finding where the ALJ did not explain the omission of restrictions opined by the State agency physicians that formed the basis of the RFC.

The Court recommends that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings.

## Analysis

**A.    Applicable legal principles**

*1.    Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence.  Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.   Application of standards**

This case presents a single issue: Does substantial evidence support the ALJ's decision to exclude the need for occasional absences and unscheduled breaks in the RFC – limitations opined by a state agency reviewing psychological consultant and the ALJ having given significant weight to that opinion?

State agency reviewing psychological consultant Aracelis Rivera, Psy. D., opined on reconsideration that Rogers would experience occasional absences from work and require unscheduled breaks because of her mental impairments.[20] The ALJ gave this opinion significant weight.[21] The ALJ did not, however, include any limitations in the RFC finding for occasional absences and unscheduled breaks.[22]

The VE testified that there would be no available jobs for a person absent at least three times a month.[23] He also testified that walking off the job would be considered a cause for

---

[20] Tr. at 99, 113.

[21] *Id.* at 25.

[22] *Id.* at 16.

[23] *Id.* at 67-68.

termination; even in a progressive discipline system, walking off the job would eventually cause job loss.[24]

Rogers does not take issue with the weight assigned to Dr. Rivera's RFC. Accordingly, the Court's analysis must start from the premise that the weight has the support of substantial evidence in the record. Nevertheless, the ALJ failed to explain why he gave the opinion significant weight.[25] The ALJ's extensive discussion in support of the RFC finding contains very little regarding unscheduled breaks and absences from work.[26] In fact, there is virtually nothing, save for a general statement that the basic mental requirements for remunerative employment include acceptable levels of workplace attendance.[27] There is no articulation that arguably would support the ALJ's rejection of Dr. Rivera's opinion that Rogers would experience occasional absences from work and require unscheduled breaks because of her mental impairments.

As Rogers correctly asserted in her brief,[28] unless the ALJ gives the opinion of a treating source controlling weight, he must consider the opinions of state agency reviewing sources and explain the weight given to such opinions. This includes explaining why, despite the assignment of significant weight, the ALJ decided to adopt some but not all of the RFC

---

[24] *Id.* at 69.

[25] *Id.* at 25.

[26] *Id.* at 17-25.

[27] *Id.* at 17.

[28] ECF # 15 at 5-6; ECF # 19 at 1-2.

limitations opined by the state agency reviewing source.[29]  The ALJ failed to do so here, and the reasoning advanced by the Commissioner constitutes impermissible *post hoc* justification. Therefore, remand is required.

## Conclusion

The Commissioner's finding that Rogers had no disability lacks substantial evidence. Accordingly, I recommend that the decision of the Commissioner denying Rogers disability insurance benefits and supplemental security income be reversed and remanded for proper consideration of the attendance and unscheduled break limitations set forth in Dr. Rivera's opinion in formulating the RFC.

Dated: June 28, 2018                                s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

---

[29] *See Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011) ("In rendering his RFC decision, the ALJ must give some indication of the evidence upon which he is relying, and he may not ignore evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis."). *See also* Social Security Ruling 96-8p, Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[30]

---

[30] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).